UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DEBRA LYNN,<br><br>    Plaintiff,<br><br>v.<br><br>THE KROGER CO., *et al.*,<br><br>    Defendants. | Case No. 5:21-cv-00136-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendants' Motion for Summary Judgment. [R. 14.] In 2020, Plaintiff Debra Lynn tripped over metal bars protruding from the back of the motorized shopping cart that The Kroger Company gave her to navigate its store. [R. 1-1 at 6.] Ms. Lynn brought this action against Defendants Kroger and Amigo Mobility International, alleging a negligence claim against Kroger and a products liability claim against Amigo. *Id.* at 7-8. Because Ms. Lynn has not presented a genuine issue of material fact, the Defendants' Motion for Summary Judgment is **GRANTED**.

**I**

In June 2020, Defendant Kroger provided Plaintiff Debra Lynn with a motorized shopping cart to navigate its store. [R. 1-1 at 4.] The motorized shopping cart, manufactured and sold by Defendant Amigo Mobility International, featured two metal bars that protruded from the cart's bottom-rear side. *Id.*; [R. 15 at 1.] After leaving the store, Ms. Lynn parked the shopping cart in the parking lot. [R. 1-1 at 4.] She then tripped over the protruding metal bars when walking around the back of the cart to get to her vehicle, causing injury. *Id.*

Ms. Lynn brought this action against Defendants Kroger and Amigo. In her complaint, Ms. Lynn alleges that Kroger was negligent because it supplied her with the shopping cart, failed to repair the cart or warn her of the cart's danger, and these "acts and/or omissions" caused Ms. Lynn's fall. *Id.* at 5-6. Ms. Lynn alleges that Amigo is liable under the Kentucky Products Liability Act because the motorized shopping cart "presents an unreasonable risk of harm" due to a defect and that this risk caused her injury. *Id.* at 5. Defendants removed the case from state court in May 2021, and the Court entered a scheduling order in October of that year. [R. 1; R. 12.] The scheduling order directed that the Plaintiff shall make initial disclosure of experts by May 6, 2022, and that all discovery shall be completed April 1, 2022. [R. 12.] Ms. Lynn did not designate an expert.

## II

Summary judgment is appropriate when "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). A genuine issue as to a material fact exists, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *See Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant satisfies its burden by showing "that there is an absence of evidence to support the non-moving party's case;" the movant need not support its motion with affidavits or other materials negating the opponent's claim. *Celotex Corp.*, 477 U.S. at 323, 325.

Once the movant satisfies this burden, the non-moving party must present specific facts to demonstrate that there is a genuine issue of a material fact. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324.) But the party cannot rely solely on the pleadings to establish that a material fact is genuinely disputed. *See Shreve v. Franklin Cty.*, 743 F.3d 126, 132 (6th Cir. 2014). The party must "direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Poss v. Morris (In re Morris)*, 260 F.3d 654, 665 (6th Cir. 2001) (internal quotations omitted). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact." *Id.* (internal citations omitted). In other words, a "scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

When deciding a motion for summary judgment, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *See Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson*, 477 U.S. at 255). However, a court cannot satisfy the burden for a party. It is indeed "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

### A

The Defendants first argue that no genuine issue exists as to Ms. Lynn's Kentucky Products Liability Act claim because proving the claim requires expert testimony, which Ms. Lynn failed to procure. [R. 14-1 at 2-3.] Thus, they argue, the Court should grant summary judgment in favor of Defendants on Ms. Lynn's first claim.

3

i

A court may require expert testimony to prove a claim when the issue is not within the scope of common experience of jurors. *See Baptist Healthcare Sys. v. Miller*, 177 S.W.3d 676, 680-81 (Ky. 2005). But an issue is not necessarily within the common experience of a jury simply because a jury might be commonly exposed to the issue or activity. *Id.* (holding that the trial court properly exercised its discretion when it required expert testimony to help jurors understand the standard of care for professionals who draw blood even though having blood drawn is a common activity).

In a products liability case, the question is whether an ordinarily prudent company manufacturing the product would not put it on the market because of the "risk of an accident of the general nature of the one in question." *Montgomery Elevator Co. v. McCullough*, 676 S.W.2d 776, 780 (1984). All products liability actions require proof that the product was defective, "regardless of whether the case involves failure to adequately warn, defective design, or other products liability theories." *Leslie v. Cincinnati Sub-Zero Prods.*, 961 S.W.2d 799, 803-04 (Ky. Ct. App. 1998) (citing *Montgomery Elevator Co.*, 676 S.W.2d at 782). Design defect claims require the jury to consider the risk and utility of alternative designs compared against those of the design chosen. *See Toyota Motor Corp. v. Gregory*, 136 S.W.3d 35, 42 (Ky. 2004). However, a jury cannot "speculate that a product is defective simply because an unusual or unexplained event has occurred." *Fields v. Stanley Access Techs. LLC.*, Civil Action No. 5:18-CV-016-CHB, 2020 U.S. Dist. LEXIS 25221, at *12 (E.D. Ky. Feb. 13, 2020).

Expert witnesses help the jury determine whether a defect exists by explaining a product's design and the choices that a manufacturer made, pointing out perceived defects, and identifying alternative designs. *See Stevens v. Keller Ladders*, 1 F. App'x 452, 458 (6th Cir.

2001). In effect, Kentucky law generally requires a plaintiff to produce expert testimony when establishing a products liability claim. *See, e.g.*, *Honaker v. Innova, Inc.*, No. 1:04-CV-132(M), 2007 U.S. Dist. LEXIS 30225 (W.D. Ky. Apr. 23, 2007) (granting summary judgment where the plaintiff failed to produce expert testimony to support a claim that a pressure cooker was defective); *Chancellor v. Church & Dwight Co.*, No. 5:20-cv-00145-TBR, 2021 U.S. Dist. LEXIS 190805, at *14 (W.D. Ky. Oct. 4, 2021) (liquid laundry detergent container); *Fields*, 2020 U.S. Dist. LEXIS 25221 (automatic door); *Hill v. Express Tan, Inc.*, No. 1:16CV-00175-JHM, 2019 U.S. Dist. LEXIS 66808 (W.D. Ky. Apr. 18, 2019) (tanning bed screen).

Here, determining whether a defect existed in Ms. Lynn's motorized shopping cart is not within a jury's common experience. Ms. Lynn relies on the bare assertion that the shopping cart, by having two bars in the rear, "presents an unreasonable risk of harm" that establishes a defect. [R. 15 at 3.] But without expert testimony, this leaves the jury to speculate as to the manufacturer's design choices, characteristics of an alternative design, or even whether it was a manufacturing or design defect that caused Ms. Lynn to trip. *See Stevens*, 1 F. App'x at 458.

Ms. Lynn further argues that the issue is within the jury's scope of common experience because "[p]otential jurors interact with mobility scooters in their daily life every time they enter a store." [R. 15 at 3.] Yet just as getting blood drawn does not bring the standard of care for a phlebotomist within the common experience of a jury, "enter[ing] a store, such as Kroger" that has motorized shopping carts does not bring a cart's design characteristics within a jury's scope of common experience. *Id.*; *Baptist Healthcare Sys.*, 177 S.W.3d at 680-81. Because determining whether a defect exists in a motorized shopping cart is not within a jury's scope of common experience, Kentucky law requires Ms. Lynn to present expert testimony for her products liability claim against Amerigo.

ii

Ms. Lynn failed to retain an expert. However, she argues that granting summary judgment is an inappropriate remedy for failing to comply with a scheduling order deadline to designate experts. [R. 15 at 5-6.] Yet Court does not grant summary judgment based on a failure to meet a deadline; the Court grants summary judgment based on a lack of proof.

To be sure, a court should not grant summary judgment as a sanction for a failure to meet a deadline due to untimely disclosure. *See Solinger v. Melanie Pearson & Norton Hosp., Inc.*, No. 2007-SC-000389-DG, 2010 Ky. Unpub. LEXIS 18, at *19 (Mar. 18, 2010). In contrast, a court may enter summary judgment based on a plaintiff's failure of proof when "the need for an expert is never disputed and if it would be unreasonable for the plaintiff to argue that an expert is not needed[] (and most particularly if the plaintiff requests an extension for the express purpose of securing more time to identify his experts)." *Blankenship v. Collier*, 302 S.W.3d 665, 673 (Ky. 2010) (affirming the grant of summary judgment when the plaintiff "never suggested to the trial court that he could prove medical negligence without expert witnesses until he responded to the defendant's motions for summary judgment"). Ultimately, a trial court exercises its discretion to determine "the point at which a plaintiff's failure to identify the necessary expert witnesses amounts to a failure of proof." *Solinger*, 2010 Ky. Unpub. LEXIS 18, at *19; *see also Coleman v. River Valley Behavioral Health*, No. 4:10-CV-00096-JHM, 2013 U.S. Dist. LEXIS 8445, at *13 (W.D. Ky. Jan. 22, 2013) (noting that the plaintiff's failure to identify an expert after 29 months since the start of the case amounted to a failure of proof).

In the present case, Ms. Lynn's products liability claim fails for lack of proof. Ms. Lynn never seriously disputed that an expert would be needed until she responded to the Defendants' motion for summary judgment. Moreover, Ms. Lynn has no reasonable basis on which to

6

dispute the need for expert testimony to establish her products liability claim. A products liability claim in Kentucky generally requires expert testimony, and without an expert, a jury would be left to speculate about the nature of the motorized shopping cart's defect. *See Fields*, 2020 U.S. Dist. LEXIS 25221, at *12.

The amount of time afforded to Ms. Lynn also demonstrates her failure to produce proof. More than a year passed between the notice of removal and the Defendants' motion for summary judgment, and more than six months have passed since the parties' deadline for all fact discovery. [R. 1; R. 12; R. 14.] Further, the parties' scheduling order explicitly contemplates experts, setting deadlines for initial disclosures of expert reports and for depositions of experts. [R. 12.] More than five months have passed since Ms. Lynn's deadline for initial disclosure of expert reports, and she has failed to name any experts. *Id.* Because Ms. Lynn never disputed the need for expert testimony before responding to the motion for summary judgment, she has no reasonable basis on which to dispute the need for an expert, and the Court afforded her a reasonable time to obtain an expert, Ms. Lynn's claim fails for lack of proof. Consequently, summary judgment for Defendants against Ms. Lynn's products liability claim is proper.

**B**

The Defendants also argue that no genuine issue exists for Ms. Lynn's negligence claim against Kroger. In their motion, the Defendants contend that there is an absence of evidence to support Ms. Lynn's claim that Kroger breached a duty owed to her, which would result in negligence. [R. 14-1 at 4.] Ms. Lynn's complaint alleges that Kroger knew or should have known that the motorized shopping cart was dangerous, Kroger supplied the shopping cart to Ms. Lynn without repairing the condition or warning Ms. Lynn of it, and Kroger's "acts and/or

7

omissions" caused her harm. [R. 1-1 at 6.] But as they say in Texas, this claim is all hat, no cattle.

The Defendants, having the burden of identifying parts of the record that establish the absence of a genuine issue of material fact, argue that Ms. Lynn cannot show a breach of any duty Kroger owed to her. *See Chao*, 285 F.3d at 424. They argue that she cannot show a breach because Ms. Lynn "took no discovery from any Kroger employee" and because no evidence shows the shopping cart was defective. [R. 14-1 at 4.] Indeed, Ms. Lynn did not address her general negligence claim against Kroger at all in her response to the motion for summary judgment, except for acknowledging that the claim exists. [R. 15 at 1.]

Ms. Lynn cannot rely solely on the pleadings to establish that a fact is genuinely disputed. *See Shreve*, 743 F.3d at 132. By not discussing her negligence claim, she failed to direct the Court's attention to parts of the record that create a genuine issue of material fact. *See In re Morris*, 260 F.3d at 665. Even when reviewing the facts in a light most favorable to Ms. Lynn, the Court is left to speculate as to the nature of and support for her general negligence claim. And the Court cannot seek out facts, develop legal theories, or find ways to support her claim. *See Guarino*, 980 F.2d at 406. Since Ms. Lynn failed to rebut the Defendants' showing of an absence of a genuine issue of material fact, summary judgment in favor of Defendants against Ms. Lynn's negligence claim is proper. *See Celotex Corp.,* 477 U.S. at 327.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that the Defendants' Motion for Summary Judgment **[R. 14]** is **GRANTED**, the case will be **STRICKEN** from the record, and an appropriate judgment will be entered herewith.

This the 18th day of October, 2022.

Gregory F. Van Tatenhove
United States District Judge